284 F.2d 283
 109 U.S.App.D.C. 149
 James R. HOFFA, Petitioner,
v.
Hon. F. Dickinson LETTS, Judge of the United States District
Court for the District of Columbia, et al.,
Respondents, Edwin D. Dorsey et al. and
Harry Bath et al., Intervenors.
John F. ENGLISH et al., International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and Helpers of
America, Petitioners,
v.
Honorable F. Dickinson LETTS, Judge of the U.S. District
Court for the District of Columbia, et al.,
Respondents, Edwin D. Dorsey et al. and
Harry Bath et al., Intervenors.
 Nos. 15676, 15679.
 United States Court of Appeals District of Columbia Circuit.
 Oct. 21, 1960.
 
 Mr. Jacob Kossman, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. H. Clifford Allder, Washington, D.C., was on the pleadings, for petitioner in No. 15,676.
 Mr. David Previant, Milwaukee, Wis., and Messrs. Edward Bennett Williams and Raymond W. Bergan, Washington, D.C., were on the pleadings for petitioners No. 15,679.
 Mr. Oliver Gasch, U.S. Atty., and Messrs. Carl W. Belcher, Harry T. Alexander and Arnold T. Aikens, Asst. U.S. Attys., Washington, D.C., were on the pleadings for respondent, Honorable F. Dickinson Letts.
 Messrs. Herbert J. Miller, Jr., Raymond G. Larroca and Howard P. Willens, Washington, D.C., were on the pleadings for the Board of Monitors.
 Messrs. Eugene F. Mullin and J. Parker Connor, Washington, D.C., were on the pleadings for respondent Smith.
 Mr. Mozart G. Ratner, Chicago, Ill., and Mr. Warren Woods, Washington, D.C., were on the pleadings for intervenors Dorsey et al., and Bath et al.
 Before EDGERTON, FAHY and WASHINGTON, Circuit Judges, in chambers.
 PER CURIAM.
 
 Order
 
 1
 It appearing that in the supplemental petition for writ of mandamus or prohibition and for appointment of a master, filed by John F. English, et al., there are prayers for vacating respondents' order of July 14, 1960 insofar as it grants to Martin F. O'Donoghue, Esquire, custody and control of documents and staff of the Board of Monitors; for an order directing transfer of such custody and control to Monitors Lawrence T. Smith and William E. Brfalino; for an order requiring Judge Letts forthwith to appoint as Chairman of the Board of Monitors Plato E. Papps, Esquire; and for appointment of a master to aid the court in determining whether there should be an immediate convention of the International; and it further appearing that in the petition for relief filed by petitioner, James R. Hoffa, request is made that the order of the District Court of July 14, 1960, to the extent that it grants custody and control of Board files, paper and personnel to Martin F. O'Donoghue, Esquire, be set aside; and it further appearing that in the supplemental petition for writ of mandamus and prohibition and further appropriate relief filed by intervenors, Dorsey, et al., and Bath, et al., it is requested that this court enter an order directing Judge Letts to appoint forthwith as Chairman, Plato E. Papps, Esquire, directing the Board to report directly to this court, and relieving the District Court of all jurisdiction in this case except insofar as the interim report of September 14, 1959 is concerned, and it appearing that oppositions and replies with reference to these matters have been filed, and this court having on September 7, 1960 heard argument on said petitions, it is
 
 
 2
 Ordered by the court that the prayers requesting that Martin F. O'Donoghue, Esquire, be relieved of custody of the documents and staff of the Board and that such custody be transferred to Monitors Smith and Bufalino are for the time being denied because of the unsettled status of the Board of Monitors, without prejudice to the right of the present Monitors to have access to the files and consult with the staff, both at all reasonable times.
 
 
 3
 It is further ordered by the court that the prayer that this court require Judge Letts to appoint Plato E. Papps, Esquire, as Chairman of the Board of Monitors is denied for the reason that this court does not in the circumstances seek to control the District Court by directing the appointment as Chairman of a particular person.
 
 
 4
 It is further ordered that the prayer requesting the appointment of a master to aid in determining whether there should be an immediate convention of the International is denied for the reason that the request is deemed to be premature at this time.
 
 
 5
 It is further ordered by the court that the prayer that this court assume all jurisdiction over this case except insofar as the interim report of September 14, 1959 is concerned, is denied.